JOHN MERCHANT *vs.* WATSON B. CHAPMAN.

In an action by one who lives and has his place of business in another state, to recover the price of spirituous liquors, the defendant, in order to show that the sale was made in this commonwealth, by an agent of the plaintiff, may prove that the alleged agent called upon him and ascertained that he desired certain kinds and quantities of liquor, and that the liquors sued for were afterwards received from the plaintiff, without any other order or direction by the defendant for them, and that the alleged agent also called on various other persons in the same town, and made similar inquiries, which were followed by the like results.

CONTRACT for the price of various spirituous liquors, by a dealer in those articles living and having his place of business

in New York. The answer alleged that the sale was illegal by the statutes of this commonwealth.

At the trial in the superior court, in order to prove that the sale was made in this commonwealth, the defendant testified that one Winslow, who had been in the service of the plaintiff, called at his saloon in Great Barrington, and asked if he wished for any liquor, and, being answered in the affirmative, inquired as to the kinds and quantities which he needed; and that, shortly afterwards, the liquors now sued for were received by railroad, without any other order or direction by him for them. He further offered to show that Winslow at the same time called on various other persons in that town, and made precisely similar inquiries, which led to their being supplied with liquors from the plaintiff in like manner; but *Ames,* J. excluded the evidence. The verdict was for the plaintiff, and the defendant alleged exceptions.

*J. E. Field,* for the defendant.

*I. Sumner,* for the plaintiff.

HOAR, J. It may be somewhat difficult to understand, upon the evidence stated in the bill of exceptions, how the jury could have found that the sale was not made in this commonwealth. There seems to have been no proof of a contract made elsewhere. As the plaintiff would have had the jury believe, he was informed that the defendant was in want of certain goods, and thereupon forwarded them to him. But if the defendant had made no contract for them previously, the only contract upon which the plaintiff could recover would be that which is implied by law from receiving and using the property. In that case, the property continued the property of the plaintiff until the defendant received it, and that reception was within this commonwealth.

But the exceptions present the single point for decision, whether the evidence offered by the defendant, and rejected by the court, was admissible; and we think it should have been admitted. The question was whether Winslow was the agent of the plaintiff in negotiating the sale. As a piece of circumstantial evidence having a legitimate bearing upon this

question, the fact that he was occupied at the same time in going about to different persons, ascertaining what articles of merchandise they needed, and that this information was communicated to and acted upon by the plaintiff, would have some tendency to show that he was employed by the plaintiff. If no one else employed him, and he was assiduously devoting himself to the plaintiff's business, and the plaintiff availed himself of the service rendered, the jury would be at liberty to infer that the plaintiff employed him.      *Exceptions sustained.*